UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS HOBSON                                                                                          PLAINTIFF

VERSUS                                                                       CIVIL ACTION NO. 1:16CV243-RHW

MARSHALL FISHER et al                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion for summary judgment requesting that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies. Doc. [17]. Plaintiff Thomas Hobson, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that he contracted Hepatitis C while incarcerated at the South Mississippi Correctional Institution (SMCI). Doc. [1]. According to Plaintiff, in 2009 a prison barber cut his hair with dirty clippers, which caused him to contract Hepatitis C. *Id.* at 4. Plaintiff alleges that he discovered he had Hepatitis C on or about June 6, 2014. Doc. [12] at 1. Plaintiff filed a grievance through the Administrative Remedies Program, but he concedes that the ARP grievance was rejected as untimely. Doc. [1] at 3. Defendant has provided a copy of Plaintiff's ARP grievance showing that it was filed on May 5, 2016. Doc. [17-1]. The ARP response and accompanying affidavit indicate that the grievance was rejected as untimely. *Id.* In a response in opposition to the motion for summary judgment, Plaintiff alleges that he filed two previous ARP grievances--on July 1, 2014 and August 29, 2014--that went unanswered. Doc. [24] at 2. Plaintiff did not attach copies of these alleged prior grievances. Nor does he provide any documentary evidence demonstrating that earlier grievances in fact were filed.

**Law and Analysis**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

Exhaustion of administrative remedies through the prison grievance system is a

jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1993 of this title, or any other Federal, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The alleged date of the incident was May 2009, when Plaintiff received a haircut with dirty clippers. Plaintiff did not file a grievance at the time. However, Plaintiff alleges that he did not discover the injury (Hepatitis C) until June 6, 2014. The ARP system is a two-step process.

3

An inmate initiates the process by submitting a grievance in writing to the prison's legal claims adjudicator within 30 days of the incident. *Howard v. Epps*, No. 5:12cv61 KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The only grievance for which there is documentation in the record is a grievance filed on May 5, 2016, five years after Plaintiff allegedly received a haircut with dirty clippers and almost two years after he learned that he contracted Hepatitis C. Using either date as the date of incident, Plaintiff's grievance was untimely because it was not filed within 30 days of the incident. Plaintiff's grievance was procedurally defective; therefore, he did not satisfy the exhaustion requirement. *See Woodford*, 548 U.S. 81, 83-84.

In his response, Plaintiff identifies two other ARP grievances that he alleges were submitted on July 14, 2014, and August 29, 2014, with respect to his Hepatitis C. Plaintiff provides no documentation or other proof to support the allegation that he filed earlier ARP grievances. Assuming *arguendo* that Plaintiff indeed filed first-step grievances on those two dates, he nevertheless did not exhaust his remedies. Merely initiating the grievance process is not sufficient. *See Wright*, 260 F.3d at 358. Although Plaintiff alleges that he did not receive a response to his earlier grievances, the MDOC Inmate Handbook states that if an inmate does not receive a first-step response within 30 days, he is entitled to proceed to the next step. *See McLemore v. Fisher*, No. 1:16cv20 LG-RHW, 2016 WL 4004669, at *3 (S.D. Miss. June 29, 2016). Instead of completing the grievance process, Plaintiff simply abandoned his earlier grievances and chose to file yet another grievance almost two years later. Because Plaintiff did not complete the steps for these alleged earlier grievances, the Court finds that Plaintiff failed to exhaust his administrative remedies. Accordingly, the Court finds that Plaintiff's complaint should be dismissed for failure to exhaust and that the dismissal should be with prejudice

because Plaintiff's failure cannot be cured. *See Johnson v. La. ex rel. La. Dep't of Public Safety & Corr.*, 468 F.3d 278, 280-81 (5th Cir. 2006); *Trigg v. Wiginton*, No. 3:10-CV-1962-B-BN, 2014 WL 696444, at *3 (N.D.Tex. Feb. 24, 2014).

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [17] Motion for Summary Judgment is GRANTED and that Plaintiff's complaint is dismissed with prejudice based on his failure to exhaust administrative remedies.

SO ORDERED, this the 17th day of March, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE